IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:26-cr-24

E'MON AMBERS, et al.,
        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on DEFENDANT ARMONE' AMBERS' MOTION TO DISMISS COUNT TEN - THE MONEY LAUNDERING COUNT (the "Motion to Dismiss") (ECF No. 92). For the reasons set forth below, the Motion to Dismiss (ECF No. 92) will be denied.

## I. BACKGROUND

On June 2, 2026, the United States filed the SECOND SUPERSEDING INDICTMENT (ECF No. 74), charging E'mon Ambers ("E'mon"), Armone' Ambers ("Armone'"), and Traquan Brown ("Brown") with multiple offenses arising from an alleged Medicaid fraud scheme. As relevant here, COUNT X of the Second Superseding Indictment charges Defendants E'mon and Armone' with Transactional Money Laundering, in violation of 18 U.S.C. §§ 1957 & 2. ECF No. 74 at 20. Count X states in relevant part that:

> [o]n or about [December 14, 2022], in the Eastern District of Virginia and elsewhere, [E'mon and Armone'], aided, abetted, counseled, induced, and encouraged by each other, and by others known and unknown, did knowingly engage and attempt to engage in monetary transactions (as that term is defined in Title 18, United States Code, Section 1957(f)(1)) in criminally derived property of a value greater than $10,000, such property

having been derived from a specified unlawful activity (that is, Conspiracy to Commit Wire Fraud and Health Care Fraud, in violation of 18 U.S.C. § 1349, as set forth in Count One) . . . .

ECF No. 74 at 20. Specifically, the Second Superseding Indictment alleges that (1) Armone' conspired to fraudulently obtain funds from Medicaid, as set forth in COUNT I of the Second Superseding Indictment, see ECF No. 74 at 9-16; (2) "[t]he co-conspirators [, including Armone',] obtained millions of dollars in fraudulent proceeds from Medicaid and used those proceeds for their personal benefit[,]" see ECF No. 74 at 15; (3) "[o]n or about December 16, 2022, E'MON and ARMONE' purchased two matching 2021 Mercedes-Benz G-Class SUVs[,]" see ECF No. 74 at 15; (4) "E'MON and ARMONE' paid for the SUVs with a cashier's check in the amount of approximately $243,500 drawn from Divine Youth's 1293 Account at Wells Fargo[,]" see ECF No. 74 at 15; and (5) "nearly all the funds deposited into the 1293 Account were Medicaid payments[,]" see ECF No. 74 at 15.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides for dismissal of an indictment "where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). When considering a motion to dismiss, "the indictment allegations are presumed to be true, and the motion should not ordinarily be used

2

as a vehicle to test the sufficiency of the evidence behind the allegations." United States v. Treacy, 677 F. App'x 869, 873 (4th Cir. 2017). "An indictment may legally fail to state an offense by omitting a necessary element." United States v. Brewbaker, 87 F.4th 563, 572 (4th Cir. 2023). Alternatively, an indictment may fail to state an offense if "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004).

## III. ANALYSIS

"A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." United States v. Bolden, 325 F.3d 471, 490 (4th Cir. 2003) (citing United States v. Smith, 44 F.3d 1259, 1263 (4th Cir. 1995)); see also Fed. R. Crim. P. 7(c) ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."). "As a basic proposition, an indictment is sufficient 'if it alleges an offense in the words of the statute.'" Bolden, 325 F.3d at 490 (quoting United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002)).

"[T]o obtain a conviction for money laundering under [18 U.S.C.] § 1957, the prosecution must prove that the defendant

3

knowingly engaged or attempted to engage in a monetary transaction in the United States involving property with a value greater than $10,000 that was derived from specified criminal activity." United States v. Vinson, 852 F.3d 333, 356 (4th Cir. 2017) (citing United States v. Cherry, 330 F.3d 658, 668 (4th Cir. 2003)). Additionally, under 18 U.S.C. § 2, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).

To the extent the validity of the indictment as to COUNT X is challenged in the Motion to Dismiss, the Court finds that the charging language of COUNT X, as set forth in the Second Superseding Indictment, is sufficient to satisfy the requirements of Rule 7(c). The language in COUNT X largely tracks the statutory text of § 1957 and alleges each of the elements of aiding and abetting a violation of § 1957. Additionally, COUNT X identifies the specific transaction at issue, here, the "cashier's check in the amount of approximately $243,500 drawn from Divine Youth's 1293 Account at Wells Fargo" used to "purchase[] two matching 2021 Mercedes-Benz G-Class SUVs." ECF No. 74 at 15. In turn, COUNT X is adequately pled in the Second Superseding Indictment.

In her Motion to Dismiss, Armone' asserts that COUNT X "must fail" because "no . . . evidence" has been provided to establish that she "engaged in the monetary transaction at issue . . . ."

4

ECF No. 92 at 3. In support, Armone' contends that "the evidence seems clear that she did not have any involvement with the transaction to purchase the vehicle, or ha[ve] the authority to conduct such a transaction." ECF No. 92 at 3.

The Fourth Circuit has instructed that "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." Engle, 676 F.3d at 415. When considering a motion to dismiss, "the indictment allegations are presumed to be true, and <u>the motion should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations</u>." Treacy, 677 F. App'x at 873 (emphasis added). However, that is precisely what Armone' asks the Court to do in her Motion to Dismiss. The Government contests Armone's characterization of the facts and plans to present evidence at trial that contradicts her assertions. ECF No. 99 at 2-3. At this stage, the Court will not inquire into the sufficiency of evidence or dismiss COUNT X based upon a determination of facts that should be developed at trial. Accordingly, Armone' has failed to establish in her Motion to Dismiss that COUNT X of the Second Superseding Indictment fails to state an offense and, in turn, her Motion to Dismiss (ECF No. 92) will be denied.

5

## IV. CONCLUSION

For the reasons set forth above, the Motions to Dismiss (ECF No. 92) will be denied by forthcoming order.

/s/ _R E P_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 8, 2026